(107 App. Div. 575.)

MEAD v. HAMMOND et al.

(Supreme Court, Appellate Division, Second Department.    October 6, 1905.)

MORTGAGES—PRIORITY—RIGHTS OF FIRST MORTGAGEE.

Under a mortgage, given as collateral to a bond of the mortgagors, conditioned that they would pay all notes made or indorsed for their accommodation, and that on default in payment of any part of the notes the mortgagee might sell the premises, and the whole of the principal of the notes and interest should become due at his option after default in payment of any of the notes, though the other notes were not yet due and payable, the mortgagee may, on default in payment of one note, take up that and the other notes not due, and hold the mortgage as security therefor, as against a subsequent mortgagor.

Appeal from Special Term, Orange County.

Action by Josiah Mead against William K. Hammond and others. From portions of the judgment for plaintiff, defendant Hammond appeals.    Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

William W. Goodrich (Nelson Smith, on the brief), for appellant.
Joseph W. Gott, for respondent.

HIRSCHBERG, P. J.    The controversy between the parties to this appeal is as to the priority of real estate mortgages owned by them, respectively.    The plaintiff is foreclosing a mortgage executed by the defendants Hugh Davidson, Ellsworth Davidson and Frank Davidson to Albert H. F. Seeger, October 24, 1901, and recorded October 26, 1901. The appellant, William K. Hammond, is the owner of a subsequent mortgage executed by the three Davidsons on the same property January 11, 1902, and recorded January 18, 1902, which mortgage he claims has priority in lien to the plaintiff's.    The plaintiff's mortgage is collateral to a bond of the three Davidsons of even date, conditioned that they would pay all promissory notes then made or indorsed by Seeger for their accommodation, or which may afterwards be made or indorsed by him, and any and all renewals thereof, whether the same be held by him or any other person, in the following order: (1) All promissory notes upon which he is liable as maker; (2) all promissory notes held by him; (3) all promissory notes on which he is liable as first indorser; (4) all other promissory notes upon which he is in any manner liable.    The bond further provided that, on default in the payment of any part of the notes referred to, Seeger should have power to sell the mortgaged premises according to law, and that the whole of the principal sum of the notes and interest should become due at his option after default in the payment of any note on which he is liable, notwithstanding the fact that the remaining notes on which he is liable, or which may be held by him, are not yet due and payable.    On March 15, 1902, there were 12 notes outstanding and unpaid, amounting in the aggregate to $6,750.    Seeger was liable on all these notes, either as maker or indorser, and they were all renewals of notes which were in existence and outstanding at the time of the execution of

95 N.Y.S.—16

the mortgage to the appellant; the only change being a slight reduction in the amount of the liability between the date of the execution of that mortgage and March 15, 1902. On March 11, 1902, the Davidsons defaulted on one of the notes which matured on that day, and it went to protest, whereupon Seeger on the 15th of March, 1902, took up all the notes, paying to the owners the amount, both principal and interest, in full, and transferred them, with his bond and mortgage, to the plaintiff.

The principal contention on the part of the appellant is that Seeger was not entitled to resort to his mortgage, except for reimbursement of what he might be compelled to pay as indorser, after each note had been presented and protested; the mortgage having been given in this view only to secure him against loss by reason of his contingent liability. The contention ignores the plain language of the bond, which seems controlling, and which expressly permits the collection by Seeger from the Davidsons of the full amount of the outstanding liability, whether due or not, immediately on default in the payment of any note. · I think that on the 11th of March, 1902, Seeger was entitled to foreclose the mortgage at once, without taking up any of the notes; but, whether that be so or not, the appellant certainly has not been injured by the fact that he preferred to pay them off, and thus to become the actual physical owner and holder of them. What was done was clearly within the contemplation of the parties when the bond and mortgage to Seeger were executed, and the appellant not only took his security subject to all the rights previously conferred on Seeger, but with full constructive knowledge of their scope and nature. Nothing has been added to the amount of the prior incumbrance of which the appellant was at least constructively aware at the time he took his security, and I cannot see that he has been aggrieved in any way. The view taken renders it unnecessary to determine the other questions presented by the appellant.

The judgment, in so far as appealed from, should be affirmed, with costs. All concur.